## Case No. 15,435.

UNITED STATES v. HUTTON et al.

[8 Reporter, 37; [1] 25 Int. Rev. Rec. 305.]

Circuit Court, S. D. New York.  May 24, 1879.

DEPOSIT IN COURT — ATTACHMENT — SUBSTITUTION OF BOND.

Where money is deposited in court under a stipulation to abide the issue to discharge an attachment, the court will not permit a bond to be substituted and the money withdrawn.

Motion for substitution of a bond with sureties in place of money deposited in the registry of the court.

A. B. Herrick, Asst. U. S. Dist. Atty.

J. N. Whiting and R. M. Sherman, for defendants.

BLATCHFORD, Circuit Judge. The stipulation recites the issuing of the attachment, and states that the money has been deposited in the registry of this court to abide the determination of the issue in this action, and that it is stipulated and agreed by and between the parties plaintiff and defendant herein that if, by the final determination of this action it shall be adjudged or decreed that the said sum of money, or any part thereof, is not due from the firm of Benkard & Hutton to the United States government, the said sum of money or so much thereof as is found not to be due to the government, shall be refunded to the said Benkard & Hutton. This stipulation is signed by the district attorney and the attorney for the defendants. The motion now made by the defendants is for an order allowing the defendants to withdraw such money and to substitute in lieu thereof a bond with sureties. It appears that the United States having the lien created by the levy of the attachment, discharged the attachment on the deposit of the money and the making of the stipulation. The defendants could have procured the discharge of the attachment originally by substituting a bond for the lien. If that had been done, the question, if any, arising as to the money which had been placed in the hands of the collector would have remained to have been disposed of. That money would not have been in this court to abide the determination of the issue in this suit. The United States could not have enforced its deposit in court, and the defendants could have compelled the United States to accept a sufficient bond in the suit. The defendants waived all questions as to the circumstances under which the money went into the hands of the collector by making the stipulation. The deposit of the money in court, instead of giving a bond to secure the discharge of the attachment, was wholly voluntary, and the collector gave up the money he had for the purposes of such deposit and of such stipulation. After the discharge of the attachment

under such circumstances it is no more proper for this court to deprive the United States, without its consent, of the superior security than it would be to put an unsatisfactory bond in the place of a satisfactory bond.

Motion denied.